UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DAVID STEPHENSON )<br>(Social Security No. XXX-XX-6383), )<br> )<br>      Plaintiff, )<br> )<br>   vs. )<br> )<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of the Social )<br>Security Administration, )<br> )<br>      Defendant. ) | 4:12-cv-62-WGH-SEB |

**ENTRY ON JUDICIAL REVIEW**

  This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties' consents and an Order of Reference entered on May 15, 2013. (Docket No. 29). David Stephenson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner", "SSA"), which found him not disabled and not entitled to Disability Insurance Benefits or Supplemental Security *i*ncome (collectively, "benefits") under the Social Security Act. 42 U.S.C. § 301 *et seq.* For the reasons stated below, the Commissioner's decision must be **REMANDED**.

**I. Background**

  **A. Procedural History**

  Stephenson protectively filed applications for benefits on August 28, 2009, alleging a disability onset date of May 1, 2006. (R. 21, 179-85). He was

46 years old on that date and has at least a high school education. (R. 30). His applications were denied initially and upon reconsideration. (R. 82-89, 123-36). Stephenson had a hearing before an administrative law judge ("ALJ") on May 6, 2011, at which Stephenson and a vocational expert ("VE") testified. (R. 21). On August 23, 2011, the ALJ issued an opinion finding that Stephenson was not disabled. (R. 32). The Appeals Council denied his appeal on March 28, 2012 (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner. 20 C.F.R. §§ 404.955(a), 404.981. As a final decision, jurisdiction is proper in this court. 42 U.S.C. § 405(g).

### B. ALJ Findings

The ALJ's decision included the following findings: (1) Stephenson had not engaged in substantial gainful activity since the alleged onset date; (2) his pancreatitis and hepatitis C qualified as severe impairments; (3) he had no impairments that, alone or in combination, met or equaled one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1 ("Appendix 1 listings" or "listings") (R. 24-27); (4) Stephenson had the residual functional capacity ("RFC") to perform light work with the following limitations: he could lift 20 pounds occasionally and 10 pounds frequently; he could only occasionally balance, stoop, kneel, crouch, crawl or climb stairs; and he could never climb ropes, ladders, or scaffolds, or work in hazardous environments such as heights or around dangerous machinery (R. 27-30); (5) Stephenson could not perform his past relevant work as a cook or bartender; and (6) considering his age, education, work experience, and RFC, there existed jobs in

significant numbers in the national economy he could perform. (R. 30-31). Based on these findings, the ALJ concluded Stephenson was not disabled.

## II. Legal Standards

In order to qualify for disability benefits, Stephenson must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment resulting "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an Appendix 1 listing for an impairment so severe it precludes substantial gainful activity; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on Stephenson for steps one through four; only after Stephenson has met his

evidentiary burden does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

### III. Statement of Medical Facts

Stevenson's Brief correctly summarizes the relevant medical evidence of record and is adopted by the court for purposes of this opinion.

### IV. Discussion

Stephenson raises three arguments on appeal: (1) the ALJ improperly weighed and examined medical evidence; (2) the ALJ's RFC determination was not supported by substantial evidence; and (3) the ALJ's credibility determination was flawed. However, because this court finds that resolution of the first issue requires remand, only that issue will be discussed.

**Did the ALJ err in weighing and examining the medical evidence?**

Stephenson asserts that the ALJ committed a number of errors in analyzing the medical evidence, including: (1) violating the treating physician rule by rejecting Dr. Becky Allmon's opinion without citing any medical evidence as grounds for his decision; (2) assigning little weight to the opinion of the treating nurse practitioner, Melinda Clark; (3) ignoring the opinion of

Disability Determination Bureau ("DDB") consulting physicians Drs. D. Neal and J. Sands, despite according Dr. Neal's opinion significant weight; and (4) failing to address the opinion of DDB examining physician Dr. Mehmet Akaydin. Taken together, Stephenson argues, these errors constitute reversible error at step three.

### A. Dr. Becky Allmon

On April 15, 2010, Dr. Allmon, Stephenson's treating physician between 2006 and 2011, diagnosed Stephenson with pancreatitis, hepatitis C, renal failure, and arthritis. (R. 408). Dr. Allmon concluded that due to Stephenson's difficulties using his right arm and hand, he was unable to perform his past work as a bartender. (R. 407). The ALJ stated that because Dr. Allmon's opinion "is not supported by [clinical] findings or other substantial evidence of record" and was conclusory, it was not entitled to controlling weight. (R. 29).

#### 1. Stephenson's Position

Stephenson argues that Dr. Allmon's treatment history with him, her pattern of increasing Stephenson's medication dosage and intensity in response to his worsening abdominal pain (R. 313-15, 338, 342, 350, 355), and her opinion's consistency with the opinion of Dr. Evan Fogel (R. 472-73), meant Dr. Allmon's opinion must be afforded controlling weight. Stephenson claims that in erroneously dismissing Dr. Allmon's opinion as merely a questionnaire and not citing any record evidence in assigning it little weight, the ALJ violated the treating physician rule. 20 C.F.R. § 404.1527(d)(2).

Stephenson further claims that had Dr. Allmon's opinion—which diagnosed him as being unable to work due to restricted use of his right arm and hand (R. 55, 407)—been accorded greater weight, Stephenson would have been found unable to perform the lifting and carrying required not only for light work, but also for sedentary work. 20 C.F.R. § 404.1567(a-b); *see also* SSR 96-9p, 1996 WL 374185, at *8 (Jul. 2, 1996). The RFC also would have been more restrictive due to Stephenson's constant abdominal pain, s*ee generally* SSR 83-10, 1983 WL 31251 (Jan. 1, 1983); SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996), and there would have been no jobs available. (R. 73-74).

### 2. Commissioner's Position

The Commissioner rejoins that the ALJ's explanation was sufficient to both refuse to assign Dr. Allmon's opinion controlling weight and to discount the opinion. 20 C.F.R. §§ 404.1527(d)(3-4); *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). In support, the Commissioner argues that Dr. Allmon's examinations in September and November 2006 showed only mild abdominal distention, and his pseudocyst was stable.[1] (R. 348-49). In September 2008, Dr. Allmon noted that Stephenson's pain was tolerable (R. 351), and subsequent examinations revealed no abnormal abdominal findings. (R. 412, 416, 461-63). In December 2009, an examination by Dr. Akaydin revealed that Stephenson was "a basically quite healthy, solid, vigorous and robust appearing individual in all respects." (R. 364).

---

[1] However, it must be noted that these arguments were made in the Commissioner's brief and cannot be gleaned from the ALJ's opinion. Therefore, the court is precluded from considering these arguments at this time. *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88, 63 S. Ct. 454, 87 L. Ed. 626 (1943).

6

### 3. Court's Conclusion

The treating physician rule is a two-step process that an ALJ must undertake in assessing a claimant's RFC if a treating physician's opinion is in the record. First, the ALJ must determine if the physician's findings are supported by the medical findings and consistent with other substantial evidence on the record. If so, the opinion is to be given controlling weight. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If not, the ALJ must consider several factors in deciding how much weight to give the opinion, including:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship;
> (ii) the evidence in support of the treating physician's opinion;
> (iii) the consistency of the opinion with the record as a whole;
> (iv) whether the opinion is from a specialist; and
> (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2nd Cir. 2004); 20 C.F.R. § 404.1527(d).

The court concludes that the ALJ=s application of the treating physician rule was incorrect in this instance. The ALJ rejected treating physician Dr. Allmon's opinion because the document submitted (R. 408) was a "questionnaire" and was "conclusory." (R. 29). However, the letter itself is not merely a "questionnaire" in which a physician places checks in a box pre-prepared by the claimant's lawyer or other person requesting the opinion. Neither is it "conclusory" because attached to the letter are the medical notes documenting the visits and examinations performed by the physician during the course of treatment.

The ALJ also rejected Dr. Allmon's opinion that Plaintiff was disabled in this case primarily because "it is not supported by the weight of the evidence." (R. 29). However, nowhere in the opinion does the ALJ identify what specific subjective or objective medical evidence was inconsistent with Dr. Allmon's opinion. Finally, the ALJ rejected the opinion because the opinion is not supported by "clinical findings established by acceptable medical techniques." (*Id.*). However, the evidence shows regular repeated visits to Dr. Allmon for hands-on examinations.

The evidence of record from Dr. Allmon explains that Stephenson was unable to work because of constant or chronic abdominal pain. The evidence supporting Dr. Allmon's decision includes: Stephenson's repeated complaints of abdominal pain; examination findings of abdominal tenderness and distention; and objective evidence of a pancreatic pseudocyst. (R. 310-11, 338, 339, 340, 341, 344, 348, 350, 352-55, 403). It must be noted that beginning September 21, 2006, Plaintiff saw Dr. Allmon on a repeated basis—generally every 90 days—with significant complaints of pain that were often confirmed on examination. Dr. Allmon monitored this condition and regularly continued the prescription of potent pain medications, including Methadone, throughout this entire treatment period. (*See* R. 348).

Stephenson's argument that Dr. Fogel's opinion was consistent with Dr. Allmon's is also well-founded. It should be noted that Dr. Fogel opined that the pseudocyst was probably responsible for Plaintiff's abdominal symptoms (R. 407, 472-73), and on August 28, 2006, Dr. Fogel found Stephenson to be doing

8

"overall quite well." However, this occurred within a few weeks after Stephenson had incurred a two-week hospitalization for severe effects of pancreatitis and well before September 21, 2006, and thereafter, when Stephenson continued to see Dr. Allmon and others. At a later visit on March 3, 2011, Dr. Fogel documented "both epigastric and left upper quadrant tenderness and fullness," and he concluded that A[a] pseudocyst such as identified in 2006 could certainly account for his abdominal pain and early satiety.) (R. 473). This confirmation of a pseudocyst provides Dr. Allmon's opinion with some external validity, and absent greater explanation as to why Dr. Allmon's opinion should have been discounted, her opinion should have been given greater weight as a result.

    The only other piece of medical evidence that could be found to be contradictory to Dr. Allmon=s opinion was a consultative examination performed by Dr. Mehmet Akaydin in December 2000. (R. 364). However, that opinion was based on a one-day visit and *also* without any significant medical testing. Because the court concludes that the ALJ has failed in the application of the treating physician rule, a remand is appropriate to review the evidence in light of an appropriate consideration.

    **B. Nurse Practitioner ("NP") Melinda Clark**

    On January 13, 2010, NP Clark opined that Stephenson was totally unable to work and permanently disabled. (R. 401). The ALJ evaluated this opinion but assigned it very limited weight for the following reasons: (1) it was not supported by test results or other medical evidence; (2) NP Clark failed to

9

identify any subjective or objective medical findings supporting her conclusion that Stephenson could not work; and (3) controlling weight could not be given to NP Clark's finding of disability, since this is a finding reserved to the Commissioner. (R. 29).

### 1. Stephenson's Position

Since NP Clark is not a physician, her opinion was not evaluated as a treating medical source, but as an "other source . . . to show the severity of the individual's impairment(s)." (R. 29 (citing SSR 06-03p, 2006 WL 2329939, at *1 (Aug. 9, 2006))). Stephenson claims that the ALJ failed to explain why NP Clark's opinion was "against the weight of the record as a whole and [the ALJ] failed to cite specific evidence." (Plaintiff's Reply 3) (citing *Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000)). Since substantial medical evidence supported her conclusions about the source of his abdominal pain, Stephenson claims that NP Clark's opinion should have been given greater weight.

### 2. Commissioner's Position

The Commissioner counters that NP Clark's status is an "other source" as defined by SSR 06-03p. Moreover, her opinion was not only conclusory, but unsupported by and inconsistent with other medical evidence. Thus, the ALJ's conclusion that her opinion was entitled to little weight satisfied the required factors in 20 C.F.R. § 404.1527(d).[2] SSR 06-03p, 2006 WL 2329939, at *4. Also, none of NP Clark's evidence established a finding of disability, and while

---

[2] At the time the ALJ issued his decision, the treating physician rule was codified at 20 C.F.R. § 404.1527(d). Subsequently, the regulation was modified, and 20 C.F.R. §§ 404.1527(d), (e), and (f) were re-codified unchanged at 20 C.F.R. §§ 404.1527(c), (d), and (e), respectively.

10

Stephenson alleges the ALJ erred in calling NP Clark's opinion a questionnaire, he fails to say how calling it an opinion or something more formal would cause it to properly be given greater weight. Thus, Stephenson has not demonstrated the necessary harm for remand. *Shinseki v. Sanders*, 556 U.S. 396, 401, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).

### 3. Court's Conclusion

The court does not reach a conclusion as to whether the ALJ sufficiently discussed and appropriately discounted NP Clark's opinion. Since NP Clark is properly classified as an "other source" and not a treating source, her opinion is not entitled to controlling weight and thus must be analyzed under the 20 C.F.R. § 404.1527(d) factors. 2006 WL 2329939, at *2-3, *4. Since a remand is required to assess Dr. Allmon's opinion, the ALJ may need to re-evaluate the weight assigned to NP Clark's opinion in light of any greater weight given to Dr. Allmon's opinion.[3]

### C. Drs. D. Neal and J. Sands

On January 12, 2010, Dr. Neal, DDB consulting physician, conducted an RFC evaluation for Stephenson. Dr. Neal found that Stephenson could perform light work, 20 C.F.R. § 404.1567(b), with additional limitations. (R. 372-79). This evaluation was affirmed by DDB consulting physician Dr. Sands on April 26, 2010. (R. 455). The ALJ assigned significant weight to both opinions,

---

[3] As with Dr. Allmon's opinion, Stephenson argues that the court is barred under *Chenery* from considering the Commissioner's *post hoc* arguments on why the ALJ's discounting of NP Clark's opinion was well-supported. Since the court requires the ALJ to re-evaluate NP Clark's opinion in light of any different weight given to Dr. Allmon's opinion, the court does not address this argument.

11

finding that "there exist [*sic*] consistent medical evidence to reach similar conclusions . . . and . . . their opinions are not contradicted." (R. 29). The ALJ also incorporated many of Dr. Neal's findings into Stephenson's RFC. (R. 27).

### 1. Stephenson's Position

Stephenson accuses the ALJ of ignoring certain aspects of Dr. Neal's opinion, claiming that his discussion "convey[s] nothing specific" and fails to mention Dr. Neal's findings that his "traumatic arthritic symptoms were[:] a) a severe impairment, and b) would restrict [Stephenson] from using his dominant right hand." (Plaintiff's Brief 19 (citing R. 29, 375)). Stephenson argues that this failure to create a logical bridge between assigning Drs. Neal and Sands's opinions significant weight, along with his failure to mention the opined severe arthritic impairment, means the ALJ cannot rely on their opinions. (*Id.* (citing *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009)).

### 2. Court's Conclusion

The court finds that the ALJ's analysis was proper, as it incorporated those impairments and limitations he found supported by record evidence. The ALJ did not find his right arm pain to be a severe impairment at step two, noting that there was no evidence "showing . . . any residual and significant work-restrictions" from a right arm fracture he suffered in 1986, and that there were no signs or laboratory findings supporting his statement of symptoms. (R. 26). Therefore, the ALJ's decision not to include Dr. Neal's opined hand dexterity limitations was well-supported. (*Id.*). Also, since Dr. Neal referenced no evidence that suggested Stephenson needed to avoid wetness (R. 373, 376),

12

the ALJ properly excluded those restrictions from Stephenson's RFC. The court finds that the ALJ built a logical bridge between his discussion and decision to assign Drs. Neal and Sands's opinions significant weight. Since consulting physicians' opinions may be substantial evidence, *see e.g., Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993), the ALJ was entitled to rely on those portions he found credible as the basis for Stephenson's RFC. Therefore, the ALJ need not re-evaluate the opinions of Drs. Neal and Sands on remand.

### D. Dr. Mehmet Akaydin

Dr. Akaydin examined Stephenson on December 4, 2009 and, despite observing several medical impairments, opined that he could perform "most forms of at least minimally physically strenuous type work without any overt difficulty especially those jobs that are basically of a relatively sedentary and 'sit-down' type nature." (R. 364). Stephenson claims that the ALJ failed to evaluate Dr. Akaydin's opinion regarding Stephenson's RFC or using the treating physician factors. (Plaintiff's Brief 23 (citing 20 C.F.R. § 404.1527(d))).

Stephenson's argument is unavailing. While the ALJ did not expressly assign weight to his opinion or evaluate it according to the treating physician factors, he was not required to. ALJs are only required to "consider the [non-treating] medical opinions . . . together with the rest of the relevant evidence we receive." 20 C.F.R. § 404.1527(b). The ALJ discussed Dr. Akaydin's opinion and did not find it inconsistent with the RFC of light work. (R. 28). Since Dr. Akaydin did not expressly foreclose all non-sedentary work, the ALJ's

13

interpretation was reasonable.  The court finds the ALJ did not err in his analysis, and he need not re-evaluate Dr. Akaydin's opinion on remand.

## V.  Conclusion

Because of the need to re-evaluate Dr. Allmon's opinions under the treating physician's rule may impact the overall analysis of Plaintiffs RFC, the Commissioner's decision that Stephenson is not disabled and not entitled to benefits is **REVERSED.**  This matter is **REMANDED** to the Commissioner for further action consistent with this opinion.

**IT IS SO ORDERED** the 30th day of September, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana


**Served electronically on all ECF-registered counsel of record.**